UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                **MEMORANDUM OF LAW AND ORDER**
                                  Criminal File No. 21-29 (MJD/BRT)

(1) BRENNAN WALTER THOMAS,

        Defendant.

David P. Steinkamp, Assistant United States Attorney, Counsel for Plaintiff.

George R. Dunn, Tilton Dunn Gross P.L.L.P., Counsel for Defendant.

**I.      BACKGROUND**

On June 10, 2021, Defendant Brennan Walter Thomas pled guilty to Count 1 of the Indictment, Escape from Federal Custody, in violation of 18 U.S.C. § 751(a).  On May 18, 2022, the Court sentenced Defendant to 18 months imprisonment "concurrent to any and all federal and state sentences."  (J&C at 2.) Defendant now seeks a modification of his sentence to 12 months—he calls it a renewal of his motion for a downward variance from the advisory sentencing

1

guidelines originally filed at Doc. 66.  (Doc. 81.)   The PSR in this case provided the following calculations:

| | |
|---|---|
| Total Offense Level: | 11 |
| Criminal History Category: | IV |
| Imprisonment Range: | 18 to 24 months |
| Supervised Release: | 1 to 3 years |
| Fine Range: | $4,000 to $40,000 |
| Special Assessment: | $100 |

The total offense level was based on the following calculations: base offense level 13, U.S.S.G. § 2P1.1(a)(1); and a 2-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a).

At sentencing, the Government sought an 18-month Guidelines sentence. Defendant asked for a downward variance to 16 months.

## II.   CURRENT MOTION AND FACTUAL SITUATION

The BOP is not giving Defendant credit for the six months he spent in The Sherburne County Jail from January 22 to June 21, 2021 on what Defendant states was time for both his previous District of Minnesota case, Case No. 09-cr-255, and the instant case.  Because of this, Defendant now requests that the Court modify his sentence to 12 months to result in the same sentence that a concurrent sentence would have resulted in.

At the time of sentencing, Defendant had spent approximately 16 months in federal custody on this case.  Defendant believed that when the Court ordered the 18 months of imprisonment to run concurrent with any and all federal and state sentences, he would get credit for the entire time he was in federal custody on this case.  (Id. at 2.)  At the time of sentencing, Defendant had been in federal custody on this case for approximately 16 months (January 22, 2021 - May 18, 2022).  (Id. at 3.)   Based on good time credit, Defendant calculated that he would serve approximately 15.3 months of his 18-month sentence.  Therefore, he thought he would be released not long after his sentencing hearing.

Shortly after the hearing, Defense Counsel began communicating with the BOP to see when Defendant would be released.  With paperwork delays, etc., it took until June 3 before Counsel could speak to someone in Grand Prairie, Texas, Defendant's designated BOP unit.  Counsel learned that Defendant would not be getting credit for the time he spent in custody from January 22 to June 21, 2021.  (Id.)  That time was only being credited to Defendant's previous federal case, Case No. 09-cr-255.

The BOP representative with whom Counsel spoke stated that because the BOP was awarding this time in May of 2022, Case No. 09-cr-255 was no longer

3

considered a sentence by the BOP because Defendant had already completely served his time on that sentence as of June 21, 2021. Thus, because the sentence on Case No. 09-cr-255 had been satisfied and discharged on June 21, 2021, the BOP indicated it could not run the 18 months in this case concurrent with the time served on the previous federal Case No. 09-cr-255. Accordingly, even though Defendant was incarcerated in Sherburne County Jail on this case from January 22 to June 21, 2021, he would not receive credit for those 6 months. The BOP representative to whom counsel spoke indicated that if the sentence on Case 09-cr-255 had not been satisfied and discharged on June 21, 2021, Defendant would have received credit on this case for all the time he was in federal custody from January 22, 2021 through the present.

Defendant's current release date is October 2, 2022, which represents approximately 15.3 months in prison (an 18-month sentence credited with good time credit, but no credit for time served from January 22-June 21, 2021). (Id. at 4.)

### III.  THE PARTIES' ARGUMENTS

Defendant argues that in retrospect, he should have argued for a downward variance at sentencing to a 12-month sentence under § 3553(a) to

4

account for the six months he already spent in custody. However, he did not. Therefore, he now requests that the Court grant that downward variance.

Defendant argues that such a variance considers the nature and circumstances of the offense and the history and characteristics of the Defendant. It would also reflect the seriousness of the offense and promote respect for the law, provide just punishment, and provide adequate deterrence to criminal conduct. Defendant argues that at no time was he aware that the BOP would take action on his previous federal case that would affect his sentence in this case.

The Government opposes the motion, asserting that Defendant should serve the remainder of his sentence. The Government argues that the sentence is sufficient, but not greater than necessary to achieve the goals of sentencing, and notes that Defendant not only escaped the RRC, but also broke into his ex-girlfriend's apartment, terrorized her, burglarized the apartment, and threatened to kill himself if officers entered the apartment. The Government states that Hennepin County intends to pursue first degree burglary charges against Defendant, which will result in a 51-month term of imprisonment if Defendant is found guilty. (Doc. 85 at 2-3.) Thus, the Government argues that Defendant will

5

be credited in state court with the time he is currently serving if he is found guilty on those charges.

## IV. DISCUSSION

While Defendant is disappointed that the BOP is not counting time the way he anticipated, Defendant has pointed to no legal standard the BOP has violated. The Court is satisfied the BOP complied with the Court's judgment in this case.

Accordingly, Defendant's Motion for Modification of Sentencing Judgment **(Doc. 81)** is **DENIED**.

Dated: July 25, 2022                       s/Michael J. Davis
                                           Michael J. Davis
                                           United States District Court